## CLARK v. SHRADER.

1. **Garnishment**: PROMISSORY NOTE. Where the husband received money belonging to the estate of his deceased wife and turned over to the executor certain notes of which he was the payee instead of the money received, and he himself was subsequently appointed executor of the estate, it was *held,* that the maker of the notes could not be garnished as the debtor of the husband.

*Appeal from Johnson District Court.*

MONDAY, OCTOBER 25.

THE appellant was garnished as the debtor of G. D. Crosthwait, against whom plaintiff had recovered a judgment upon which the garnishment process issued. Upon his answer and evidence judgment was rendered against him. The issues raised by his answer were tried to the court without a jury. The other facts of the case appear in the opinion.

*Robinson & Patterson*, for appellant.

To charge the garnishee upon his answer, there must be a clear admission of indebtedness due to or the possession of attachable property of the *defendant*. (Drake on Attachment, § 659; *Smith, T. & Co., v. Clark*, 9 Iowa, 245: *More v. Marshall*, 22 Id., 292; *Church v. Simpson*, 25 Id., 410.) The court cannot set aside a judgment without bringing in the judgment creditor. (*Fowler v. Doyle*, 17 Iowa, 357.) Garnishment cannot overthrow trusts to reach moneys supposed to belong to the debtor. (Drake on Att., § 454.) The garnishee has the right to insist upon the regularity of all proceedings against non-residents and, without legal notice to them, should see to it that the court has jurisdiction. (*Richardson v. Hickman*, 22 Ind., 246; *McKey v. Cobb*, 33 Miss., 533.)

*Clark & Haddock*, for appellee.

Judgment against a garnishee who fails to set up the rights of an assignee of the debt is conclusive upon him. (*Borgalthous v. F. & M. Ins. Co.*, 36 Iowa, 250: *McCoid v. Beatty*, 12 Id., 299.) The garnishee is the trustee of his creditor and the garnisher, and must set up the rights of the true owner if known to him. (Drake on Att., § 614; *Born v. Staader*, 24 Ill., 321.) That a judgment due from the garnishee was transferred with intent to defraud plaintiff may be shown in a garnishment proceeding. (*Bebb v. Preston*, 1 Iowa, 467; *Brainard v. Van Kuran*, 22 Id., 261.)

BECK, J.—The appellant in his answer to the garnishee process does not admit the indebtedness to Crosthwait. It appears from the evidence that he purchased certain property of Crosthwait and executed his promissory notes therefor. An action was brought upon those notes and a recovery had in the name of J. W. Burton to whom, it is claimed, the notes were transferred. Questions growing out of this transfer to Burton will determine the rights of the parties to this pro-

Clark v. Shrader.

ceeding.   If it be found to have been in good faith and valid, the garnishee is not indebted to Crosthwait and the judgment against him is erroneous.

It is shown by the evidence that Burton was the executor of the estate of Mrs. Crosthwait, the wife of the judgment defendant; that certain money of the estate came into the hands of Crosthwait, the defendant, who turned the notes over to the attorneys of Burton in lieu of the money so received by him, a transaction that was subsequently approved and confirmed by Burton himself, and that, after the judgment was recovered against Shrader in the name of Burton, he ceased to be executor of the estate and Crosthwait was appointed in his place.   The evidence establishing these facts is not disputed, and there is no conflicting proof upon this branch of the case. It is thus made to appear that the judgment against Shrader is the property of the estate of Mrs. Crosthwait, and whatever interest Crosthwait holds in it is no other than that of an executor.   The property of the estate cannot be taken to pay his debts.   We conclude that the judgment of the District Court is in conflict with the evidence and cannot be sustained. It cannot be supported on the ground urged by counsel that there is a conflict of evidence and the findings of facts by the court, therefore, will not be disturbed.   There is an entire absence of evidence to support the judgment.

REVERSED.